UNITED STATES BANKRUPTCY COURT,
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x
In re

**DELAFIELD 246 CORP.,**

**Chapter 11**

Debtor.                 **Case No. 05-13634 (ALG)**

------------------------------------------------------------------------ x
**DELAFIELD 246 CORP.,**

Plaintiff.                 **Adv. Proc. No. 05-01834 (ALG)**

-against-

**THE CITY OF NEW YORK, ET AL.,**                 **ORDER DISMISSING THE
COMPLAINT AS AGAINST
Defendants.                 DEFENDANT, CITY OF
NEW YORK.**

------------------------------------------------------------------------ x

Upon the Notice of Motion of the City of New York (the "Defendant") dated February 24, 2006, to Dismiss the First, Nineteenth, and Twentieth Causes of Action Set Forth in Debtor's First Amended Omnibus Complaint, the Declaration of Assistant Corporation Counsel Lonica L. Smith dated February 24, 2006, in Support of the Motion of the City of New York to Dismiss the First, Nineteenth, and Twentieth Causes of Action Set Forth in Debtor's First Amended Omnibus Complaint and the exhibits attached thereto, the Memorandum of Law of the City of New York dated February 24, 2006, in Support of its Motion to Dismiss the First, Nineteenth, and Twentieth Causes of Action Set Forth in Debtor's First Amended Omnibus Complaint, Delafield 246 Corp.'s ("Plaintiff") Notice of Cross Motion for Partial Summary Judgment, to Join an Additional Party Defendant and to amend its complaint dated April 7, 2006, the Affirmation of Daniel A. Zimmerman dated April 7, 2006, in Opposition to Defendant's

Motion to Dismiss and in Support of Cross Motion for Partial Summary Judgment and the exhibits attached thereto, Plaintiff's Memorandum of Law dated April 7, 2006, in Response to Motion to Dismiss by Defendant and in Support of Plaintiff's Motion for Partial Summary Judgment and to Join an Additional Party Defendant, Defendant's Notice of Cross Motion dated June 18, 2006, for Summary Judgment on the First, Nineteenth and Twentieth Causes of Action of the Amended Complaint, the Declaration of Lonica L. Smith dated June 18, 2006, in Support of the Motion of the City of New York for Summary Judgment on the First, Nineteenth, and Twentieth Causes of Action Set Forth in Debtor's First Amended Omnibus Complaint and the exhibits attached thereto, the Memorandum of Law of the City of New York dated June 18, 2006, in Opposition to Debtor's Cross Motion for Partial Summary Judgment and in Support of the City's Cross Motion for Summary Judgment on the First, Nineteenth, and Twentieth Causes of Action Set Forth in Debtor's First Amended Omnibus Complaint, Defendant's Statement Pursuant to Local Bankruptcy Rule 7056-1(b) dated June 18, 2006, Plaintiff's Amended Second Notice of Cross Motion for Partial Summary Judgment dated August 3, 2006, the Affirmation of Daniel A. Zimmerman dated August 2, 2006, "Regarding Rule 56(f) Motion, Etc." and the exhibits attached thereto, the Affidavit of Lance K. Levenstein dated July 27, 2006, the Affidavit of Abraham Zion dated August 1, 2006 and the exhibits attached thereto, the Affidavit of Mark Zion dated July 27, 2006, "Respecting Visits to City Offices," the Affidavit of Mark Zion dated August 1, 2006, "Respecting City's Overstatement of Interest" and the exhibits attached thereto, the Affidavit of Mark Zion dated July 27, 2006, "Respecting the City's 1999 Clerical Apportionment Error" and the exhibits annexed thereto,  Plaintiff's Reply Memorandum of Law dated August 2, 2006, Plaintiff's Statements Pursuant to Local Rule 7056-1 dated August 2, 2006, the Declaration of Assistant Corporation Counsel Lawrence J. Brenner dated October 13,

2006, in Further Support of the City of New York's Motion for Summary Judgment on the First, Nineteenth and Twentieth Causes of Action Alleged in Debtor's Amended Omnibus Complaint and in Opposition to Debtor's Second Cross Motion for Partial Summary Judgment and for Discovery, and the exhibits attached thereto, the Affidavit of Mia Parks dated October 12, 2006 and the exhibits attached thereto, the Memorandum of Law of the City of New York dated October 13, 2006, in Further Support of its Motion for Summary Judgment on the First, Nineteenth and Twentieth Causes of Action Alleged in Debtor's Amended Omnibus Complaint and in Opposition to Debtor's Second Cross Motion for Partial Summary Judgment and for Discovery, Defendant City of New York's Response to Plaintiff's Statements Pursuant to Local Bankruptcy Rule 7056-1 dated October 13, 2006, the Sur-Reply Affirmation of Daniel A. Zimmerman dated November 17, 2006 and the exhibits attached thereto, the Affidavit of Mark Zion dated November 14, 2006, "Respecting City's Overstatement of Claim as per City's Statements of Account" and the exhibits attached thereto, Plaintiff's Sur-Reply Memorandum of Law (undated), and a hearing having been held on November 30, 2006 on Defendant's Motion to Dismiss the First, Nineteenth, and Twentieth Causes of Action Set Forth in Plaintiff's First Amended Omnibus Complaint, Plaintiff's Cross Motion for Partial Summary Judgment on the First, Nineteenth and Twentieth Causes of Action of its Amended Omnibus Complaint, Defendant's Cross Motion for Summary Judgment on the First, Nineteenth, and Twentieth Causes of Action Set Forth in Plaintiff's First Amended Omnibus Complaint, Plaintiff's Second Cross Motion for Partial Summary Judgment, and, Defendant by letter dated January 5, 2007, representing that upon the filing of the appropriate form(s) by Plaintiff that it would adjust the tax claim downward by $69,203.64 plus interest due to an error that occurred when Plaintiff's property was apportioned in 1999 (the "Apportionment Error"), and by $182,592.32 plus interest

for partial tax payments made by Plaintiff and/or its predecessor in interest (the "Tax Credit"), and **for the reasons stated in** ~~pursuant~~ to this Court's Memorandum of Opinion dated April 25, 2007 **(the "Opinion")** granting Defendant's Motion to Dismiss for lack of jurisdiction pursuant to 11 U.S.C. §505(a)(2)(A) ~~as the amount and legality of Plaintiff's tax claims were contested and adjudicated by a court of competent jurisdiction before the commencement of the instant bankruptcy,~~ and in the alternative, holding ~~that even if it had jurisdiction over Plaintiff's claims~~ that it would abstain from determining **Plaintiff's** claims **against Defendant** pursuant to 11 U.S.C. §505(a)(1), and directing Defendant to settle an order consistent with the Opinion, **and Defendant having agreed to and being bound to effectuate the adjustments reflected in footnotes nine (9) and ten (10) of the Court's Opinion, upon Plaintiff's completion of any appropriate and required forms,** it is hereby

ORDERED, that ~~upon due deliberation,~~ the City's Motion to Dismiss is granted, **and** the Court dismisses the Complaint as against Defendant City of New York ~~for~~ **on grounds of (i)** lack of jurisdiction pursuant to 11 U.S.C. §505(a)(2)(A)**, and alternatively (ii) abstention** ~~as the amount and legality of Plaintiff's tax claims have been contested and adjudicated~~ in **favor of** the State courts, ~~and even if they were not, the Court would abstain from deciding Plaintiff's tax claims against the City~~ pursuant to 11 U.S.C. §505(a)(1). ~~and that the City shall effectuate the agreed upon adjustment reflected in footnotes nine (9) and ten (10) of the Court's Memorandum of Opinion, upon Plaintiff's completion of appropriate and required forms.~~

Dated: New York, New York
      May 24, 2007

                                      */s/ Allan L. Gropper*
                                        Hon. Allan L. Gropper
                                        United States Bankruptcy Judge