MICHAEL A. CARDOZO
Corporation Counsel, City of New York
Attorney for City of New York
Of Counsel: Lawrence J. Brenner (LB 7853)
100 Church Street, Room 5-214
New York, New York 10007
(212) 788-1186


UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

DELAFIELD 246 CORP.,

                                     Appellant,

                 -against-

CITY OF NEW YORK, ET AL.

                                     Appellee.

------------------------------------------------------------------------ x

                              **1:07-CV-06238-LAP**

                              **NOTICE OF MOTION TO**
                              <u>**DISMISS APPEAL**</u>

       **PLEASE TAKE NOTICE,** that upon the annexed Declaration of Lawrence J. Brenner, Esq., dated July 17, 2007, and the exhibits attached thereto, and upon the annexed Memorandum of Law of the City of New York In Support of the City's Motion To Dismiss the Appeal of Delafield 246 Corp. (the "Appellant" or "Delafield"), the undersigned will move before The Honorable Loretta A. Preska, United States District Judge, at the United States Courthouse for the Southern District of New York (the "Court"), located at 500 Pearl Street, New York, New York, 10004, on the 25th day of July at 10:00 o'clock a.m. (the "Hearing Date"), or as soon thereafter as counsel may be heard, for an order: (a) pursuant to Rules 8002, 8006, 8011, and 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") dismissing the above-captioned appeal on the grounds that (i) Delafield failed to timely file a Notice of Appeal as required by Bankruptcy Rule 8002, and (ii) Delafield failed to timely file a designation of

items to be included in the record on appeal and a statement of issues to be presented as required by Bankruptcy Rule 8006; and (b) for such other and further relief as this Court deems just and proper.

**PLEASE TAKE FURTHER NOTICE,** that answering papers, if any, must be filed in accordance with Bankruptcy Rules 8011 and 9006, Administrative Order 2004-08 of the United States District Court for the Southern District of New York, dated June 22, 2006, and the Individual Rules of The Hon. Loretta A. Preska.

Dated:   New York, New York
         July 17, 2007

                MICHAEL A. CARDOZO
                Corporation Counsel, City of New York
                Attorney for Appellee, City of New York

                By: /s/ Lawrence J. Brenner
                   Lawrence J. Brenner (LB 7853)
                   Assistant Corporation Counsel
                   100 Church Street, Room 5-214
                   New York, New York 10007
                   (212) 788-01186

TO:

Daniel A. Zimmerman, Esq.
Steven Cohn P.C.
Attorney for Appellant, Delafield 246 Corp.
One Old Country Road
Carle Place, NY 11514
Phone: (516) 294-6410
Fax: (516) 294-0094
Email: dzimmerman@scohnlaw.com

MICHAEL A. CARDOZO
Corporation Counsel, City of New York
Attorney for City of New York
Of Counsel: Lawrence J. Brenner (LB 7853)
100 Church Street, Room 5-214
New York, New York 10007
(212) 788-1186

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

DELAFIELD 246 CORP.,

                Appellant,

-against-

CITY OF NEW YORK, ET AL.

                Appellee.

1:07-CV-06238-LAP

**DECLARATION OF ASSISTANT CORPORATION COUNSEL LAWRENCE J. BRENNER IN SUPPORT OF THE CITY'S MOTION TO <u>DISMISS THE APPEAL</u>**

------------------------------------------------------------------------ x

      **LAWRENCE J. BRENNER,** an attorney duly admitted to practice in the United States District Court for the Southern District of New York, declares under penalty of perjury that the following is true and correct:

      1.    I am an Assistant Corporation Counsel in the office of Michael A. Cardozo, Corporation Counsel of the City of New York, attorney for the City of New York, the appellee (the "City" and/or "Appellee") in the instant appeal from the order of the Honorable Allan L. Gropper dated and entered on May 24, 2007 (the "Dismissal Order"),[1] dismissing the adversary proceeding commenced by Delafield 246 Corp. ("Appellant" or "Delafield") in the Bankruptcy Court for the Southern District of New York under Adv. Pro. No. 05-01834 as

---

[1] A copy of the Dismissal Order is annexed hereto as Exhibit "A."

against the City. I am fully familiar with the facts and circumstances discussed herein based on my personal knowledge, and an examination of the records and files of the City.

2. I make this declaration in support of the City's motion for an order dismissing the instant appeal pursuant to Rules 8002, 8006, 8011, and 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") on the grounds that (i) Delafield failed to timely file its Notice of Appeal as required by Bankruptcy Rule 8002, and (ii) Delafield failed to timely file its designation of items to be included in the record on appeal and a statement of issues to be presented as required by Bankruptcy Rule 8006 ("Designation and Statement").

## INTRODUCTION

3. The Bankruptcy Court, in a comprehensive and thorough twenty page Memorandum of Opinion dated April 25, 2007 (the "Opinion"),[2] held that Delafield's claims against the City in its Amended Omnibus Complaint had been previously adjudicated within the meaning of Bankruptcy Code §505(a)(2)(A), a provision which sets forth limitations on a bankruptcy court's ability to hear and determine the tax liability of a debtor. Specifically, in this case, Judge Gropper found that the tax claims of Delafield had been previously adjudicated "by a judicial or administrative body of competent jurisdiction" before the bankruptcy filing, thereby depriving the Bankruptcy Court of jurisdiction. Alternatively, Judge Gropper observed that it would be appropriate for the Bankruptcy Court to abstain, finding Delafield's claims "a textbook case for abstention under §505(a)(1) of the Bankruptcy Code." Opinion at p. 10. The Opinion was followed by the entry of the Dismissal Order, which the City respectfully submits, Delafield has failed to timely appeal. Thus, based on the chronology of events recited below, and for the reasons set forth in the City' accompanying Memorandum of Law In Support of Dismissal,

---

[2] A copy of the Opinion is annexed hereto as Exhibit "B."

Delafield's late appeal must be dismissed. In this declaration the City will provide a brief summary of the salient litigation which preceded the bankruptcy filing, the procedural history of the bankruptcy filing, and the motion practice which led to the dismissal of Delafield's claims as against the City.

## BACKGROUND

### I.   State Court History

4. Delafield is a real estate corporation that owns a parcel of property consisting of 24 lots in a real estate development in Riverdale, Bronx (the "Property"). There are nine other lots in the development owned by individual homeowners. Collectively all of the lots and the common area in the real estate development are know as Delafield Estates. Delafield took title to the Property, subject to the outstanding real property taxes assessed against the property. See Opinion at p. 3. Thereafter, Delafield vigorously contested its tax liabilities in various fora, in what the Bankruptcy Court termed "a 15-year war." Id.

5. The efforts undertaken by Delafield included the filing of petitions pursuant to Article 7 of the New York Real Property Tax Law ("RPTL") challenging its real property tax assessments for various tax years, and the filing of an Article 78 petition also challenging its real property taxes. See Opinion at p. 3. Delafield's Article 7 petitions were all dismissed as abandoned pursuant to RPTL §718. Delafield's Article 78 petition, however, was dismissed by the New York State Supreme Court, Appellate Division, First Department ("Appellate Division") in 2004. See Matter of Delafield 246 Corp. v. City of N.Y., 11 A.D.3d 268 (1st Dept. 2004). As found by Judge Gropper, while the Appellate Division stated that Delafield's tax claims were time-barred the "decision [also] expressly disposed of all [Delafield's] arguments with regard to the original tax assessment in 1988/89, with the result that these claims are barred

by §505(a)(2)(A) [of the Bankruptcy Code] as well as by principles of *res judicata* as applied in *In re Cody*, 338 F.3d at 92." Opinion at 12.

6. In addition to litigating against the City over its outstanding real property taxes, Delafield, prior to its bankruptcy filing, was involved in litigation with the Delafield Estates Homeowners Association (the "Association"). The Association had commenced an action against Delafield in 1995 in New York State Supreme Court to recover unpaid monthly common charges owed to it by Delafield. In that action, Delafield counterclaimed against the Association and individual members of the Association, alleging, *inter alia*, that Delafield had paid real property taxes that were properly owed by the Association and/or its individual members.

7. In 2001 the Appellate Division held that Delafield was liable for common charges and found that issues of fact existed as to the calculation of damages. See Delafield Estates Homeowners Assoc., Inc. v. Delafield 246 Corp., 280 A.D. 2d 437 (1st Dept. 2001). The case was remanded for a trial on damages scheduled to begin on December 1, 2004 (the "Bronx Action").

**II.   The Bankruptcy Filing**

8. Just prior to the start of the damages phase of the trial, the Bronx Action was stayed by operation of law pursuant to 11 U.S.C. §362 (the "Automatic Stay") upon Delafield's filing of a Chapter 11 petition in the Bankruptcy Court for the Eastern District of New York, on November 29, 2004.

9. Subsequently, on April 8, 2005, the Association moved to lift the Automatic Stay so that it could proceed in the Bronx Action. Thereafter, on April 14, 2005, Delafield commenced an adversary proceeding by filing a complaint (the "EDNY Complaint")

naming the City, the Association, and individual homeowners of Delafield Estates, seeking to determine the validity and extent of the tax liens against its real property located in Riverdale, New York.

10. On April 28, 2005, Judge Stan Bernstein of the Bankruptcy Court for the Eastern District of New York granted the Association's motion lifting the Automatic Stay. Judge Bernstein also struck from the Court's calendar Delafield's plan of reorganization and disclosure statement. He then *sua sponte* dismissed the EDNY Complaint as being duplicative of the Bronx Action, and transferred venue of the bankruptcy proceeding to the Bankruptcy Court for the Southern District of New York based on the Property's location in the Southern District ("Bernstein Order").

11. Although venue was now transferred to the Southern District, Delafield still vigorously pursued its appellate options in the Eastern District in an attempt to revive its failed filing. As noted by Judge Gropper, "[a]gain undeterred by a complete loss… " (Opinion at p. 7.), Delafield filed a Notice of Appeal of the Bernstein Order in the Bankruptcy Court for the Eastern District of New York, and moved by order to show cause for a stay pending appeal of said order in the District Court for the Eastern District of New York, on May 5, 2005, and May 9, 2005, respectively. Delafield made this application for a stay without first presenting the application to the Bankruptcy Court as required by Bankruptcy Rule 8005. Delafield's application for a stay pending appeal was subsequently denied by Eastern District Court Judge Joanna Seybert by order dated June 7, 2005.

12. Having failed completely to establish a foothold in the Eastern District, Delafield now began a campaign of filings in the Southern District. Proceeding as if it were writing on a totally clean slate and "[paying] little if any heed to the decisions of the Eastern

District Bankruptcy and District Courts [Delafield] resumed its litigation program." Opinion at p. 8. In fact, on May 26, 2005, Delafield filed another complaint (the "Omnibus Complaint") in the Bankruptcy Court for the Southern District of New York, which was nearly identical to the EDNY Complaint. Subsequently, on January 6, 2006, Delafield filed its amended complaint (the "Amended Omnibus Complaint") adding new causes of action based on an alleged violation of the equal protection clause and seeking various and other affirmative relief.[3]

### III. The Motion Practice Leading to the Dismissal Order Which Is The Subject of This Appeal

13.     On February 24, 2006, the City filed a Motion to Dismiss the Amended Omnibus Complaint as against it, pursuant to Federal Rules of Civil Procedure ("FRCP") Rule 12(b)(1), arguing that the prior state court litigation deprived the Bankruptcy Court of subject matter jurisdiction to hear Delafield's claims pursuant to § 505(a)(2) of the Bankruptcy Code. This provision bars litigation over the amount or legality of tax claims that had been "contested or adjudicated by a judicial or administrative tribunal of competent jurisdiction" prior to filing of a bankruptcy petition. The City also sought dismissal because Delafield's claims were a) barred by the doctrine of *res judicata*; b) precluded by principles of comity; c) could not be maintained under by 28 U.S.C. § 1738 (the full faith and credit clause); d) barred by the three-year statute of limitation governing section 1983 claims; and lastly, pursuant to FRCP Rule 12(b)(6) because Delafield failed to state a cause of action upon which relief could be granted. Alternatively, the City requested the Bankruptcy Court to abstain from hearing Delafield's claims pursuant to 28 U.S.C. § 1334(c) which gives the court the ability to abstain in the interest of justice, comity with

---

[3] Subsequently, following the Southern District filing, Judge Sandra Feuerstein of the District Court for the Eastern District of New York, by order dated March 9, 2006, directed the Clerk of the Court to administratively close Delafield's appeal of the Bernstein Order upon being advised that the claims being asserted in that appeal "may be resolved by a related action pending in the Southern District of New York."

the State court, or respect for State laws, and alternatively, 11 U.S.C. §505(a)(1) which gives the Bankruptcy Court discretion to abstain from determining a debtor's tax liability that is not otherwise barred under 11 U.S.C. §505(a)(2).

14. In response to the City's Motion to Dismiss on April 11, 2006, Delafield filed a cross-motion for partial summary judgment[4] against the City. Delafield sought also to amend its complaint, this time, to withdraw its claims for affirmative relief and equal protection, and to add new claims asserting a denial of due process.

15. Subsequently, on June 19, 2006, the City filed a cross-motion for partial summary judgment and its opposition to Delafield's motion for partial summary judgment. Thereafter, on August 2, 2006, Delafield filed a second cross-motion for partial summary judgment ("Second S.J. Motion") on the same issues as its first motion for partial summary judgment. Delafield's Second S.J. Motion included a further request to amend the Amended Omnibus Complaint to add yet another cause of action, this time, challenging as excessively high the interest rate applied to its tax arrears.

16. On or about October 16, 2006, the City filed its reply in support of its motion for partial summary judgment and its opposition to Delafield's Second S.J. Motion. Subsequently, on November 17, 2006, without permission of the court, Delafield filed a "Sur-Reply" that, *inter alia*, withdrew its previous request to add a cause of action regarding the alleged excessive interest rate.

---

[4] Delafield's partial summary judgment motion failed to include a statement pursuant to Local Bankruptcy Rule 7056-1. This omission in large measure, appears to have precipitated the filing of a second partial summary judgment motion.

**IV.     The Decision Below**

17.    On November 30, 2006, Judge Gropper heard oral argument on the City's motions seeking dismissal and/or partial summary judgment, and Delafield's multiple motions for partial summary judgment. Thereafter, on April 25, 2007, Judge Gropper issued the Opinion and granted the City's motion to dismiss.

18.    Judge Gropper held that the Bankruptcy Court lacked jurisdiction to hear Delafield's claims pursuant to 11 U.S.C. §505(a)(2) because the earlier Appellate Division decision in Matter of Delafield 246 Corp. v. City of N.Y., 11 A.D.3d 268 (1st Dept. 2004) constituted an adjudication of Delafield's tax claims. Judge Gropper found that the Appellate Division had ruled upon the merits, and that "even if the Appellate Division had merely dismissed [Delafield's] challenge to the tax assessment on statute of limitations grounds, the dismissal would have been an adjudication for purposes of *res judicata* as well as §505(a)(2)(A)." Opinion at p. 12.

19.    Alternatively, Judge Gropper exercised his discretion pursuant to 11 U.S.C. §505(a)(1), to abstain from hearing Delafield's claims, citing various factors including the complexity of the case, Delafield's ability to confirm a plan of reorganization without a re-determination of its taxes, the only parties to benefit from a re-determination of the taxes would be Delafield's insiders, and the Bankruptcy Court's respect for state law and state judicial processes. See Opinion at pp. 16-19.

20.    Subsequently, on May 24, 2007, the Dismissal Order was entered on the bankruptcy court docket. The Dismissal Order dismissed the Amended Omnibus Complaint as against the City on the grounds of (i) lack of jurisdiction, and (ii) alternatively abstaining from hearing Delafield's claims.

### V.     The Appeal from the Bankruptcy Court Order

21.     On June 5, 2007, twelve days following the entry of the Dismissal Order, Delafield filed its Notice of Appeal. The Notice of Appeal was entered on the docket on June 7, 2007. However, Bankruptcy Rule 8002 provides that a Notice of Appeal must be filed within ten days of a judgment. A copy of the docket sheet in the matter below and Delafield's Notice of Appeal dated June 1, 2007, are annexed hereto as Exhibits "C" and "D," respectively.

22.     Thereafter, on June 19, 2007, fourteen days following the filing of its Notice of Appeal, Delafield untimely filed and served its Designation and Statement. See Bankruptcy Rule 8006 ("within 10 days after filing the notice of appeal as provided by Rule 8001(a), …, the appellant shall file with the clerk and serve on appellee a designation of items to be included in the record on appeal and a statement of the issues to be presented.") A copy of Delafield's Designation and Statement dated June 13, 2007, is annexed hereto as Exhibit "E."

## **CONCLUSION**

23. As set forth in the foregoing paragraphs, Delafield failed to timely file both its Notice of Appeal and its Designation and Statement. Based on Delafield's failure to pursue this appeal in a timely fashion, the City respectfully requests that this Court grant the instant motion dismissing Delafield's Appeal and granting such other and further relief as the Court deems just and proper. The Court is respectfully referred to the City's accompanying memorandum of law in support of its motion to dismiss for a discussion of the applicable law.

Dated:    New York, New York
          July 17, 2007

                              MICHAEL A. CARDOZO
                              Corporation Counsel of the
                                City of New York
                              Attorney for Respondents
                              100 Church Street, Room 5-214
                              New York, New York 10007
                              (212) 788-1186

By:    /s/ Lawrence J. Brenner
        Lawrence J. Brenner (LB 7853)
        Assistant Corporation Counsel