Index No.1:07-CV-06238-LAP

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DELAFIELD 246 CORP.,

Appellant,

-against-

CITY OF NEW YORK, ET AL.

Appellee.

## MEMORANDUM OF LAW OF THE CITY OF NEW YORK IN SUPPORT OF IT'S MOTION TO DISMISS THE APPEAL AS UNTIMELY

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for Appellee City of New York*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel: Lawrence J. Brenner*
*Tel: (212) 788-1186*
*NYCLIS #: 05BK000033*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

DELAFIELD 246 CORP.,

**1:07-CV-06238-LAP**

                         Appellant,

          -against-

CITY OF NEW YORK, ET AL.

                        Appellee.

------------------------------------------------------------------------ x

### MEMORANDUM OF LAW OF THE CITY OF NEW YORK IN SUPPORT OF IT'S MOTION <u>TO DISMISS THE APPEAL AS UNTIMELY</u>

        The instant appeal must be dismissed because Delafield 246 Corp. ("Appellant" or "Delafield"), has failed to timely file its Notice of Appeal of the dismissal of its Amended Omnibus Complaint as against the City of New York ("City") by the order of Judge Allan L. Gropper of the Bankruptcy Court for the Southern District of New York, dated and entered on May 24, 2007, (the "Dismissal Order"). The City further notes that in addition to the appeal being late, Delafield has not complied with Bankruptcy Rule 8006, as it has failed to timely file a designation of items to be included in the record on appeal and a statement of issues to be presented ("Designation and Statement").

### <u>STATEMENT OF FACTS</u>

        For a detailed statement of the relevant facts, the Court is respectfully referred to the Declaration of Lawrence J. Brenner In Support of the City's Motion to Dismiss the Appeal dated July 17, 2007 (the "Brenner Dec."), together with the exhibits annexed thereto.

## ARGUMENT

### BECAUSE DELAFIELD HAS FAILED TO TIMELY FILE ITS NOTICE OF APPEAL, AND ITS DESIGNATION AND STATEMENT, THE APPEAL <u>MUST BE DISMISSED</u>

The appeal must be dismissed pursuant to Bankruptcy Rule 8002(a), because Delafield failed to timely file its Notice of Appeal. Bankruptcy Rule 8002(a) provides that "the notice of appeal shall be filed with the clerk within 10 days of the date of the entry of the judgment, order, or decree appealed from." Bankruptcy Rule 8002(a).

The computation of the ten day period prescribed in Bankruptcy Rule 8002(a) is governed by Bankruptcy Rule 9006. <u>See</u> <u>Andruzzi v. Pryor</u>, No. 07-CV-452, 2007 U.S. Dist. LEXIS 30173 at *5 (E.D.N.Y. April 4, 2007)("the Federal Rules of Civil Procedure do not apply to an appeal from an order of the Bankruptcy Court. Since a district court is functioning as an appellate court in a bankruptcy proceeding, the Federal Rules of Bankruptcy Procedure apply. Accordingly, Bankruptcy Rule 9006(a) governs questions of computation of time.")[1]

Bankruptcy Rule 9006(a) provides that the date of the entry of the order that is being appealed from is not included in the computation of a time period. <u>See</u> Bankruptcy Rule 9006(a). However, "the last day of the period so computed shall be included, unless it is a Saturday, Sunday, or a legal holiday, or, when the act to be done is the filing of a paper in court, a day on which weather or other conditions have made the clerk's office inaccessible, in which event the period runs until the end of the next day which is not one of the aforementioned." <u>Id</u>.

---

[1] Thus, Rule 6(a) of the Federal Rules of Civil Procedure which excludes intermediary Saturdays, Sundays, and legal holidays from the computation of time of periods less than 11 days does not apply in the context of this case.

It is undisputed that the Dismissal Order was entered on May 24, 2007. See Exhibit "E" to the Brenner Dec., at paragraph 30. Therefore, the first day included in the computation of the ten day period is May 25, 2007. Counting forward from May 25th, the tenth day fell on Sunday, June 3, 2007. See Bankruptcy Rule 9006(a). Because the tenth day fell on a Sunday, Delafield's time to file was extended to Monday, June 4, 2007. See Id. Nevertheless, Delafield filed its Notice of Appeal on June 5, 2007. See Exhibit "C" to the Brenner Dec. As such, this appeal is untimely. As noted by the Second Circuit, where a party fails to file a timely Notice of Appeal, the "district court is without jurisdiction to consider the appeal." In re Siemon, 421 F.3d 167, 169 (2d Cir. 2005). Indeed, the absence of a timely filed Notice of Appeal leaves the district court with "no choice but to dismiss the case." In re Harris, 464 F.3d 263, 270 (2d Cir. 2006).

Lastly, even if Delafield were to now move the bankruptcy court for an extension of time to have its Notice of Appeal deemed timely, such an overture at this late date would be futile. Bankruptcy Rule 8002(c)(2) provides that the 10 day period for filing a Notice of Appeal may be extended upon a written motion filed within the 10 day period, or within 20 days following the expiration of the 10 day period where excusable neglect is demonstrated.

Clearly Delafield did not move for an extension within the initial ten day period for filing an appeal. And even utilizing the outermost date within which to seek an extension (20 days from June 5, 2007, or June 25, 2007) reveals that Delafield took no steps to preserve its right to file a timely appeal. In sum, Delafield has not moved before the Bankruptcy Court for an extension of time, and in any event, the time to so move has since passed. Because Delafield untimely filed its Notice of Appeal, and because its time to move the Bankruptcy Court for an extension of time to file has also expired, this Court is without jurisdiction to hear Delafield's

appeal and thus dismissal is warranted. <u>See</u> <u>Siemon</u>, 421 F.3d at 169 (2d Cir. 2005); <u>Harris</u>, 464 F.3d at 270 (2d Cir. 2006).

In addition to dismissing the appeal for Delafield's untimely filing of a Notice of Appeal, this Court should also dismiss the appeal pursuant to Bankruptcy Rule 8006 for Delafield's late filing of its Designation and Statement. <u>See</u> <u>Lynch v. U.S. of America</u>, 430 F.3d 600, 605 (2d Cir. 2005)(holding that even where a timely notice of appeal has been filed "a bankruptcy appeal cannot proceed without a Designation and Statement.") Bankruptcy Rule 8006 provides in pertinent part that "within 10 days after filing the notice of appeal as provided by Rule 8001(a), … the appellant shall file with the clerk and serve on appellee a designation of items to be included in the record on appeal and a statement of the issues to be presented." <u>Id</u>.

Nevertheless, Delafield did not file and serve its Designation and Statement until June 19, 2007, fourteen days after it filed its Notice of Appeal. Moreover, Delafield here too has failed to file a written motion requesting an extension of time within which to file a late Designation and Statement pursuant to Bankruptcy Rule 9006(b)(1). <u>See</u> <u>Lynch</u>, 430 F.3d at 605 (holding that Bankruptcy Rule 9006(b)(1) governs the analysis regarding the consequences of failing to timely file a Designation and Statement, leaving "no scope for an independent analysis under Bankruptcy Rule 8001(a).") One court has held that, in the absence of such an enlargement motion being made, a court may not even consider excusing an untimely filing under Bankruptcy Rule 9006(b)(1). <u>See</u> <u>In re Ben-Baruch</u>, No. 05-CV-5684, 2006 U.S. Dist. Lexis 95616 at *7 (E.D.N.Y. July 26, 2006)(Bankruptcy Rule 9006(b)(1) by its own terms is inapplicable where a written motion requesting an extension of time has not been made.) Therefore, Delafield's untimely filing of its Designation and Statement provides an additional ground for dismissal.

## CONCLUSION

**WHEREFORE**, the City respectfully requests that this Court grant the instant

motion dismissing the appeal, together with such other and further relief as the Court deems just

and proper.

Dated:       New York, New York
               July 17, 2007

                           MICHAEL A. CARDOZO
                           Corporation Counsel, City of New York
                           Attorney for Appellee, City of New York

                           By: /s/ Lawrence J. Brenner
                               Lawrence J. Brenner (LB 7853)
                               Assistant Corporation Counsel
                               100 Church Street, Room 5-214
                               New York, New York 10007
                               (212) 788-01186