```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
DELAFIELD 246 CORP.,                       :     07 CV 6238 (LAP)
                                           :
                    Appellant,             :     MEMORANDUM AND ORDER
                                           :
        v.                                 :
                                           :
CITY OF NEW YORK, et al.,                  :
                                           :
                    Appellee.              :
                                           :
------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/13/07

LORETTA A. PRESKA, United States District Judge:

The City moves to dismiss Delafield's appeal from an order of the Bankruptcy Court on the basis of Appellant's late filing of the Notice of Appeal. For the reasons set forth below, the motion is granted.

Delafield filed a Chapter 11 Petition in the Bankruptcy Court in the Eastern District of New York on November 24, 2004. Following transfer to the Southern District of New York, The City filed a motion to dismiss on February 24, 2006, and Delafield filed a cross motion for partial summary judgment. Following briefing and argument, the Bankruptcy Court issued an opinion granting The City's motion to dismiss on October 25, 2007. The Bankruptcy Court's order dismissing the matter (the "Dismissal Order") was entered on the Bankruptcy Court docket on May 24, 2007. On June 5, 2007, twelve days following the entry of the Dismissal Order, Delafield filed its Notice of Appeal which was docketed on June 7, 2007.

Bankruptcy Rule 8002(a) provides that "the notice of appeal shall be filed with the Clerk within 10 days of the date of the entry of the judgment, order, or decree

appealed from." Bankruptcy Rule 9006 applies to the computation of the ten day period prescribed in Bankruptcy Rule 8002(a). The computation of the ten day period prescribed in Bankruptcy Rule 8002(a) is governed by Bankruptcy Rule 9006. See Andruzzi v. Pryor, No. 07-CV-452, 2007 U.S. Dist. LEXIS 30173 at *5 (E.D.N.Y. April 4, 2007) (the "Federal Rules of Civil Procedure do not apply to an appeal from an order of the Bankruptcy Court. Since a district court is functioning as an appellate court in a bankruptcy proceeding, the Federal Rules of Bankruptcy Procedure apply. Accordingly, Bankruptcy Rule 9006(a) governs questions of computation of time.")[1]

Bankruptcy Rule 9006(a) provides that the date of the entry of the order that is being appealed from is not included in the computation of a time period. See Bankruptcy Rule 9006(a). However, "the last day of the period so computed shall be included, unless it is a Saturday, Sunday, or a legal holiday, or, when the act to be done is the filing of a paper in court, a day on which weather or other conditions have made the clerk's office inaccessible, in which event the period runs until the end of the next day which is not one of the aforementioned." Id.

It is undisputed that the Dismissal Order was entered on May 24, 2007. Therefore, the first day included in the computation of the ten day period is May 25, 2007. Counting forward from May 25, the tenth day fell on Sunday, June 3, 2007. Because the tenth day fell on a Sunday, Delafield's time to file was extended to Monday, June 4, 2007. Nevertheless, Delafield filed its Notice of Appeal on June 5, 2007. As such, this appeal is untimely. As noted by the Court of Appeals, where a party fails to

---

[1] Thus, Rule 6(a) of the Federal Rules of Civil Procedure which excludes intermediary Saturdays, Sundays, and legal holidays from the computation of time periods less than eleven days does not apply in the context of this case.

file a timely Notice of Appeal, the "district court is without jurisdiction to consider the appeal." In re Siemon, 421 F.3d 167, 169 (2d Cir. 2005). Indeed, the absence of a timely filed Notice of Appeal leaves the district court with "no choice but to dismiss the case." In re Harris, 464 F.3d 263, 270 (2d Cir. 2006).

Even if Delafield were to move the Bankruptcy Court for an extension of time in which to have its Notice of Appeal considered to be timely, that motion would be futile at this late date. Bankruptcy Rule 8002(c)(2) provides that the ten day period for filing a Notice of Appeal may be extended upon a written motion filed within the ten day period or within twenty days following the expiration of the ten day period where inexcusable neglect is demonstrated. Because Delafield did not move for an extension at any time, and because the time to make such a motion has passed, such a motion would be futile. Accordingly, Delafield's Notice of Appeal is untimely, and the appeal must be dismissed.

## CONCLUSION

Appellee's motion to dismiss the appeal as untimely is granted. The Clerk of the Court shall mark this action closed and all pending motions denied as moot.

SO ORDERED:

Dated: November 9, 2007

*Loretta A. Preska*
LORETTA A. PRESKA, U.S.D.J.

delafield1109

3